**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ANTONIO BAUTISTA JAIMES,** *Petitioner,* | § § § § | |
| *v.* | § § § | **NO. 1:26-CV-01167-ADA-SH** |
| **TODD BLANCHE IN HIS OFFICIAL CAPACITY AS U.S. ATTORNEY GENERAL, et al.,** *Respondents.* | § § § § § | |

## <u>ORDER</u>

On this day, the Court considered Petitioner ANTONIO BAUTISTA JAIMES's Petition for Writ of Habeas Corpus (Dkt. 1) and Motion to Enforce Judgment (Dkt. 6). Petitioner was given a bond hearing on May 26, wherein the Immigration Judge concluded that Petitioner was a flight risk and denied bond. Dkt. No. 6-2. Petitioner argues that the Immigration Judge made an unreasonable decision.

Courts in this District have held that there is no judicial review of IJ bond determinations. *See, e.g., Leon-Gonzalez v. Anda-Ybarra, et al*., 3-26-cv-00026-KC (W.D. Tex. February 10, 2026) (ECF No. 12) ("This Court lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond."); *Gonzalez Cambar v. Bondi*, 5:26-CV-210-OLG (W.D. Tex. Dec. February 20, 2026) (ECF No 11) ("While petitioner may be frustrated with the result of that hearing, this Court lacks jurisdiction to review the discretionary judgment of the immigration judge."). This Court agrees and finds that it lacks jurisdiction to review the IJ's determination that Petitioner poses a flight risk and denying bond. "The [Secretary's] *discretionary judgment* regarding the *application* [of § 1226] shall not be subject to review. No court may set aside any action or decision by the [Secretary] under this section

regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."

*Nielsen v. Preap*, 586 U.S. 392, 401, 139 S. Ct. 954, 961--62, 203 L. Ed. 2d 333 (2019) (emphasis added). Section 1226(e)'s limitation on jurisdiction applies to "discretionary" decisions about the "application" of § 1226 to particular cases. *See id.*

Petitioner's IJ decision was a discretionary decision made about whether Petitioner was entitled to bond under § 1226. The IJ determined that Petitioner poses a flight risk and was not eligible for bond. The Court finds that it lacks jurisdiction to review that decision and therefore **DISMISSES WITHOUT PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus for lack of jurisdiction.

As the Court lacks jurisdiction to resolve Petitioner's Petition, the Clerk's Office is respectfully directed to **CLOSE** this case and **TERMINATE** all pending motions.

**IT IS SO ORDERED.**

**SIGNED ON JUNE 12, 2026.**

**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**